1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER LULL,                          No. 2:17-cv-1211-TLN-EFB PS

12              Plaintiff,

13        v.                                     FINDINGS AND RECOMMENDATIONS

14   COUNTY OF SACRAMENTO, CORY
     STEWART, MICHAEL DOANE, and
15   DOES 1 to 100,

16              Defendants.

17

18        This case was before the court on September 13, 2017, for hearing on defendant County of

19   Sacramento's ("County") motion to dismiss plaintiff's first amended complaint for failure to state

20   a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 5. Attorney Wendy

21   Matooka appeared on behalf of the County of Sacramento; plaintiff appeared pro se. After the

22   hearing on that motion, defendants Michael Doan and Cory Stewart also moved to dismiss on

23   similar grounds pursuant to Rule 12(b)(6). ECF No. 10. The court determined that further oral

24   argument would not materially assist in the resolution of defendants Doan and Stewart's motion

25   and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g). For the reasons

26   explained below, it is recommended that defendants' motions be granted.

27

28        [1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
     Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

I.    Factual Allegations

The first amended complaint alleges that on July 17, 2016, plaintiff purchased a permit from the County of Sacramento's Regional Parks Department to enable him to use regional park facilities. *Id*. at 3. Later that day, plaintiff used the permit to access River Bend Park, which is a beach area located in Rancho Cordova, California. *Id*. While plaintiff was loading a kayak onto a vehicle parked in an area that prohibited vehicle access, he was confronted by defendant Stewart.[2] *Id*. 3-4, 6-7. Stewart allegedly blocked plaintiff's movement and demanded he provide identification. *Id*. at 3-4. When plaintiff questioned the grounds for detaining him, Stewart placed plaintiff in handcuffs, searched him without consent, and placed him in a "patrol vehicle without probable cause or a warrant." *Id*. at 4. Stewart then checked for warrants and, after approximately 45 minutes, released plaintiff. *Id*.

Plaintiff alleges that he was arrested by Stewart for supposedly violating "an official policy that forbids and makes illegal any vehicle traffic at" River Bend Park. *Id*. at 4. Plaintiff claims that this policy was enacted by defendant Michael Doane[3], and enforced by defendant Stewart. *Id*. He claims that the policy is arbitrary because it restricts public vehicle access to River Bend Park, while granting exclusive vehicle access to rafting companies in exchange for a fee. *Id*. at 6-7.

Judicially noticeable documents show that plaintiff was charged with violation of California Penal Code 148(a)(1) (resisting, delaying, or obstructing a peace officer), to which he

/////
/////
/////
/////
/////

_____

[2] The first amended complaint is devoid of any background information regarding defendant Stewart. However, in his motion Stewart clarifies that he is a county park ranger. ECF No. 10-1 at 6.

[3] The complaint provides no background information regarding Doane.

pled no contest. Def.'s RJN No. 2 (ECF No. 5-2 at 17)[4]. State court records reflect that plaintiff was scheduled to be sentenced on September 17, 2017.

The complaint purports to assert five claims for relief, which plaintiff styles as: (1) "Unreasonable Search and Seizure," (2) "substantive due process," (3) "denial of Equal Protection," (4) "Retaliation for Exercise of Free Speech," (5) and "Violation of the Ca [sic] Bane Act." ECF No. 4 at 5-10. Plaintiff's second and third causes of action are alleged against all defendants, while the first, fourth, and fifth causes of action are asserted only against defendant Stewart. Defendants now move to dismiss the first amended complaint for failure to state a claim. ECF Nos. 5, 10.

II.     Legal Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[4] Defendants' requests for judicial notice of state court records and sections of the Sacramento County Municipal Code are granted. *See* ECF No. 5-2 at 17-22 (RJN Nos. 2-4); *see also, e.g., Hunt v. Check Recovery Sys. Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records [and] pleadings . . . ."); *Wood v. City of San Diego*, 2010 WL 2382335, at *5 (S.D. Cal. June 10, 2010) ("Municipal Code sections may be judicially noticed . . . ."). Plaintiff's request for judicial notice of the first amended complaint (ECF No. 5-2 at 11 (RJN No. 1)) is denied as unnecessary.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But the Ninth Circuit has held that this less stringent standard must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), including matters of public record such as pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

III.    Plaintiff's Claims

A.    Unreasonable Search and Seizure

Plaintiff's first claim alleges that he was wrongfully arrested and searched by Stewart in violation of the Fourth Amendment. ECF No. 4 at 5-6. Plaintiff claims that Stewart did not have

/////

a warrant to arrest and search plaintiff, nor did Stewart have probable cause for the arrest and subsequent search. *Id.*

"The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (citing *United States v. Watson*, 423 U.S. 411, 417-24 (1976)) (internal quotations omitted). To prevail on a § 1983 claim for false arrest a plaintiff must demonstrate that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 139 F.3d 374, 380 (1998).

"Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992)). Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information." *Saucier v. Katz*, 533 U.S. 194, 207 (2001). "Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes." *John v. City of El Monte*, 505 F.3d 907, 911 (9th Cir. 2007) (citing *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)). Further, as a general matter, "'an officer need not have probable cause for every element of the offense.'" *Lopez*, 482 F.3d at 1072 (only when specific intent is a required element of the offense must the arresting officer have probable cause for that element in order to reasonably believe that a crime has occurred) (quoting *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994)).

The complaint alleges that when plaintiff was approached by Stewart, he was loading a kayak onto a vehicle that was parked in area of the River Bend Park that prohibited vehicle access pursuant to a county ordinance. Thus, based on the face of plaintiff's complaint, Stewart had probable cause to believe that plaintiff had violated a County ordinance. *See Atwater v. City of*

*Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.")

Furthermore, the complaint's allegations also demonstrate that Stewart had probable cause to arrest plaintiff for violating Penal Code § 148(a), for which plaintiff was ultimately charged. "The legal elements of a violation [Penal Code § 148(a)] are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *In re Muhammed C.*, 95 Cal.App.4th 1325, 1329 (2002) (citations omitted). Although section 148 does not "criminalize a person's failure to respond with alacrity to police orders," it reaches affirmative responses of defiance to police orders. *Id*. at 1030.

The amended complaint alleges that Stewart approached plaintiff and attempted to ask questions, to which plaintiff responded by stating "no" and resuming his efforts to load the kayak on the vehicle. ECF No. 4 at 3, 6-7. *Id*. Stewart then allegedly placed himself in plaintiff's direct path "in order to verbally and physically engage [plaintiff]." *Id*. Plaintiff "attempted to side step Stewart in an effort to circumvent engagement," which led to Stewart placing his hand on plaintiff's chest to stop plaintiff from moving. *Id*. Stewart notified plaintiff that he was being detained and requested identification. *Id*. Plaintiff responded by stating "you don't need to know who I am," and making other "condescending remarks." *Id*. These allegations establish that Stewart had reason to believe plaintiff had violated Penal Code § 148. They indicate that plaintiff was approached by Stewart because plaintiff was loading a kayak onto a vehicle that was parked in a restricted area. They show that when Stewart attempted to talk with plaintiff, plaintiff obstructed Stewart's efforts by trying to physically evade Stewart, refusing to provide identification, and making condescending remarks. Thus, there was at least probable cause for Stewart to make an arrest for violating Penal Code § 148(a) based on plaintiff's obstruction of Stewart's ability to engage in the performance of his duties.

/////

6

Moreover, because there was probable cause for the arrest, Stewart was permitted to conduct a limited search of plaintiff's person incident to arrest. *See United States v. Robinson*, 414 U.S. 218, 235 (1973). Thus, plaintiff's own allegations demonstrate that Stewart did not violate plaintiff's Fourth Amendment rights.

Dismissal of plaintiff's Fourth Amendment claim is also warranted under the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . ." *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

State court records indicate that plaintiff was charged with Penal Code 148(a)(1), to which he pled no contest. Def.'s RJN No. 2 (ECF No. 5-2 at 17). Success on plaintiff's wrongful arrest claim would "necessarily imply the invalidity of his conviction," and therefore his claim is barred under *Heck*. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* bars § 1983 claims of wrongful arrest and malicious prosecution absent "termination of the prior criminal proceeding in favor of the accused."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's "claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").

In his opposition to these motions, plaintiff argues that his plea was subsequently withdrawn and the charges against him dismissed. However, he fails to submit any documentation to show that the judicially noticed state court records are either inaccurate or incomplete. Accordingly, he fails to satisfy the requirement that the conviction was reversed.

/////

/////

/////

7

1  *See Heck*, 512 U.S. at 486-87 ("a § 1983 plaintiff must prove that the conviction or sentence has

2  been reversed.").[5]

3      Accordingly, plaintiff's Fourth Amendment claim must be dismissed without leave to

4  amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily

5  would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears

6  amendment would be futile).

7        B.    <u>Substantive Due Process</u>

8      Plaintiff alleges that the enforcement of the County's ordinance restricting vehicle access

9  in certain areas of River Bend Park violated his right to substantive due process under the

10  Fourteenth Amendment.  ECF No. 4 at 6-8.  He claims that the ordinance is unconstitutional

11  because it restricts public vehicle access, while simultaneously granting exclusive vehicle access

12  to two raft rental companies that paid a fee for the right to use the restricted areas.  *Id*. at 7.

13  Defendants argue that plaintiff's substantive due process claim must be dismissed because

14  plaintiff fails to identify a fundamental liberty interest.  ECF No. 5-1 at 3-4; ECF No. 10-11 at 8,

15  15.  Doane and Stewart further argue that plaintiff's challenge fails because there is a rational

16  basis for treating plaintiff differently than the river raft companies.[6]  ECF No. 10-1 at 15-16.

17      The Fourteenth Amendment provides, in relevant part, that no state shall "deprive any

18  person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  The

19  substantive component of the Fourteen Amendment's due process clause "guards against arbitrary

20  and capricious government action . . . ."  *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1261 (9th Cir.

21  1994).  Thus, to establish a violation of substantive due process, plaintiff must show that the

22  County's ordinance "was 'clearly arbitrary and unreasonable, having no substantial relation to the

23  public health, safety, morals or general welfare.'"  *Kawaoka v. City of Arroyo Grande*, 17 F.3d

24  /////

---

25       [5] Apart from his failure to submit any documentation to show the conviction was

26  overturned, as noted above the allegations stated in the complaint establish that Stewart had probable cause to arrest plaintiff.  Thus, his claim fails even if it is not barred by *Heck*.

27       [6] This last argument is raised in relation to plaintiff's equal protection claim, but is

28  equally applicable to plaintiff's substantive due process claim.

1227, 1234 (9th Cir. 1994) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir.1989).

Where, as here, the challenged legislative act does not implicate a fundamental right or employ suspect classifications, the "governmental action need only have a rational basis to be upheld against a substantive due process attack." *Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997); *Kawaoka*, 17 F.3d at 1234. Under rational basis review, "[if] a statute is not arbitrary, but implements a rational means of achieving a legitimate governmental end, it satisfies due process. *Kim*, 121 F.3d at 1273. However, courts "do not require that the [County's] legislative acts actually advance its stated purpose, but instead look to whether the governmental body *could* have had no legitimate reason for its decision.'" *Kawaoka*, 12 F.3d at 1234 (emphasis in original and citations omitted). Accordingly, the County's ordinance "does not violate substantive due process so long as it advances any legitimate public purpose and if it is 'at least fairly debatable' that the decision to adopt the [ordinance] was rationally related to legitimate governmental interest." *Id*. (citations and some quotations omitted).

Although plaintiff's complaint suggests that he is challenging a single ordinance, the disparate treatment alleged in the complaint is the result of two separate ordinances. One ordinance provides that no person shall drive or operate a "vehicle on roads or trails other than those designated for that purpose without a permit. . . ." Sacramento County Code § 9.36.065 (RJN 4, ECF No. 5-2 at 22). The other permits the County Board of Supervisors to grant permits to vendors to provide services within county parks. Sacramento County Code § 9.36.053 (RJN 3, ECF No. 5-2 at 20).

Contrary to plaintiff's contention, these ordinances advance legitimate governmental interests. The County has an interest in maintaining the natural character of its parks, which would surely be impaired by excessive vehicle traffic. The ordinances at issue allow the County to minimize vehicular traffic in designated areas thereby lessening disturbance to natural features occasioned by vehicles elsewhere in the park. At the same time, they permit the County to authorize vehicle access to a limited number of venders providing goods and services to park visitors. The ordinance also serves the County's interest in promoting public safety. It allows the

County to minimize vehicle access to areas of the park that have high pedestrian traffic. Limiting vehicle traffic in such areas lessens the opportunity for vehicle vs. pedestrian accidents while still allowing park visitors access to benefits of the park. Thus, the ordinance strikes a balance between preserving the character of the County's parks and protection pedestrian visitors on the one hand, and allowing visitors access to the park on the other. That balance clearly bears a rational nexus to a legitimate governmental interest of the County.

Accordingly, plaintiff's substantive due process claim must be dismissed without leave to amend.[7] *See Noll*, 809 F.2d at 1448.

C. Equal Protection

Plaintiff also claims that the County's ordinances violated his right to equal protection. ECF No. 4 at 8-9. Defendants move to dismiss plaintiff's equal protection claim, arguing that plaintiff fails to allege membership in a protected class and that he was treated differently than others similarly situated to those employees. ECF No. 5-1 at 5-6; ECF No. 10-1 at 8-9, 15.

To state a claim for discrimination under the Equal Protection Clause, plaintiff must allege that defendant "acted with an intent or purpose to discriminate against plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). If plaintiff is not a member of a protected class, he may assert an equal protection claim as a "class of one" by alleging that defendants intentionally treated him differently than other similarly

---

[7] Plaintiff also alleges that defendants deprived him "of his constitutional right to be free from arbitrary, baseless and capricious governmental action in investigating, detaining or arresting" him. ECF No. 4 at 7. This appears to be intended as a substantive due process claim based on his arrest. That claim must be considered under the Fourth Amendment, not under substantive due process standards. *See Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001) (although the plaintiff's claim could "possible fit under the Fourteenth Amendment, [it] is better seen as a Fourth Amendment claim because she had been seized by the police.") (citing *Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir. 1990) ("[C]laims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standard . . . ."). Even if considered under the Fourteenth Amendment standards, the claim still fails as the complaint is devoid of allegations demonstrating that Stewart's conduct was outrageous or egregious. *See id.* at 882, n.7 (under the Fourteenth Amendment's substantive due process prong, "[t]he threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'") (quoting *Sacramento v. Lewis*, 523 U.S. 833, 848, n.8 (1998)).

10

situated individuals and without a rational basis for doing so. *See Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1021 (9th Cir. 2011); *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (noting that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'"); *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (confirming that the purpose of the equal protection clause, including "class of one" claims, is to protect against "intentional and arbitrary discrimination"). Discriminatory intent for equal protection purposes "implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action . . . because of . . . its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. V. Feeney*, 442 U.S. 256, 279 (1979) (citation and quotations omitted).

Plaintiff does not allege that he is a member of a protected class. Instead, he argues that he is a member of a "class of one" and that he was treated differently than employees of the raft companies that were granted vehicle access to River Bend Park. ECF No. 6 at 4-5. The complaint, however, indicates that plaintiff was not similarly situated to employees of the two river raft companies. Instead, he specifically alleges that two river raft companies were granted vehicle access at River Bend Park in exchange for a fee. He does not allege that he paid a fee to the County in exchange for the same right, or that he operates a business that transports members of the public to park as to the vendors who pay such a fee and are permitted access for that purpose. Accordingly, plaintiff has failed to allege that he was similarly situated to the individuals that were allegedly treated differently.

Further, because plaintiff is not a member of a protected class and the challenged ordinance does not infringe on a fundamental interest, the ordinance must only satisfy rational basis review. *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993); *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Under this review, the classification is upheld "if there is a rational relationship between the disparity of treatment and some legitimate government purpose." *See Munoz v. Sullivan*, 930 F.2d 1400, 1404-05 & n. 10 (9th Cir. 1991). "[A] classification 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could

provide a rational basis for the classification.'" *Heller*, 509 U.S. at 320 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).

As explained above, there is a rational basis for allowing only the limited access to certain areas of the park as discussed above. For this reason, plaintiff's equal protection claim must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

D.     First Amendment

Plaintiff also alleges a First Amendment retaliation claim against defendant Stewart. Plaintiff alleges that he criticized Stewart's understanding of the law and made "condescending remarks such as . . . 'you don't need to know who I am.'" ECF No. 4 at 4. Stewart allegedly retaliated by unlawfully arresting and searching plaintiff in an effort to chill plaintiff's speech.

Defendant Stewart first argues that plaintiff's First Amendment claim is not cognizable as alleged. According to Stewart, plaintiff's First Amendment claim is a challenge to the lawfulness of his arrest, which must be brought under the Fourth Amendment pursuant to the Supreme Court's decision *Graham v. Connor*, 490 U.S. 386 (1989).[8] ECF No. 10-1 at 16-17. This argument mischaracterizes plaintiff's claim. Unlike plaintiff's Fourth Amendment claim, plaintiff's First Amendment claim does not specifically challenge the legality of his arrest. Instead, plaintiff claims that that the arrest was an act of retaliation against him for making condescending remarks and criticizing defendant Stewart. Thus, the crux of the claim is that plaintiff was subjected to retaliatory conduct for exercising his rights under the First Amendment, not that probable cause was lacking to justify the arrest. Thus, plaintiff's retaliation claim, if any, is properly addressed under the First, and not the Fourth, Amendment.

Stewart next argues that plaintiff fails to allege sufficient facts to state a First Amendment retaliation claim. ECF No. 10-1 at 17. "The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "[T]o demonstrate a First

---

[8] In *Graham*, the Supreme Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." 490 U.S. at 395.

12

Amendment violation, a plaintiff must provide evidence showing that 'by his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct.'" *Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (quoting *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)). This requires plaintiff to show that the officer's "conduct would chill a person of ordinary firmness from future First Amendment Activity," and that the officer's "desire to chill [plaintiff's] speech was a but-for cause of [his] conduct." *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013).

"The Supreme Court has consistently held that the First Amendment protects verbal criticism, challenges, and profanity directed at police officers unless the speech is 'shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'" *United States v. Poocha*, 259 F.3d 1077, 1080 (9th Cir. 2001) (quoting *City of Houston v. Hill*, 482 U.S. 451, 461 (1987)); *see also Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) ("Even when crass and inarticulate, verbal challenges to the police are protected."); *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990) ("The freedom of individuals to oppose or challenge police action verbally without thereby risking arrest is one important characteristic by which we distinguish ourselves from a police state."). Moreover, the Ninth Circuit "has recognized that a retaliatory police action such as an arrest or search and seizure would chill a person of ordinary firmness from engaging in future First Amendment activity." *Ford*, 706 F.3d at 1193.

Plaintiff alleges that he was detained, arrested, and searched for making condescending remarks and criticizing Stewart. ECF No. 4 at 4, 9. While these allegations alone might be sufficient to establish acts that "would chill or silence a person of ordinary firmness from future First Amendment activities," *Ford*, 706 F.3d at 1193, plaintiff's own allegations add that in addition to his statements of defiance he attempted to physically evade Stewart in a manner that would clearly impair Stewart's ability to perform his duties regarding enforcement of the ordinance. According to the complaint, plaintiff was not arrested simply for mouthing off. Rather, as the complaint explains, plaintiff was trying to physically evade Stewart and refusing to

provide identification while he made the statements of defiance.  Plaintiff himself has supplied the non-retaliatory motivation for Stewart to make the arrest under California Penal Code 148(a)(1).  Furthermore, there are no factual allegations suggesting plaintiff's condescending remarks motivated Stewart to make an arrest he would not have otherwise made under these circumstances.  Accordingly, plaintiff First Amendment retaliation claim against Stewart necessarily fails based on plaintiff's own factual allegations.[9]

While plaintiff cannot cure the deficiencies by submitting an amended complaint that contradicts what he has already alleged, it is not clear whether plaintiff could cure the claim's defect.  Accordingly, he will be granted leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

E.        California's Bane Act

Plaintiff also asserts a state law cause of action under the Tom Bane Civil Rights Act ("Bane Act"), Cal. Civ. Code § 52.1, against defendant Stewart.  ECF No. 4 at 10.

As plaintiff has failed to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claim.  *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for

/////

---

[9] Because plaintiff's First Amendment claim fails on the merits, the court does not reach Stewart's argument that he is entitled to qualified immunity as to this claim.  ECF No. 10-1 at 17.

them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

As discussed above, all of plaintiff's federal claims must be dismissed. Further, plaintiff and County of Sacramento are both citizens of California. Accordingly, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

IV.     Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. The County of Sacramento's motion to dismiss (ECF No. 5) be granted and plaintiff's claims against the County be dismissed without leave to amend.

2. Defendants' Stewart and Doane's motion to dismiss (ECF No. 10) be granted as follows:

a. Plaintiff's Fourth Amendment claim, substantive due process claim, and equal protection claim be dismissed without leave to amend.

b. Plaintiff's First Amendment claim be dismissed with leave to amend;

c. The court decline to exercise jurisdiction over plaintiff's Bane Act claim.

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Should plaintiff fail to timely file an amended complaint, this action will proceed on plaintiff's First Amendment claim against defendant Stewart.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 1, 2018.

_____

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE