UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, CORY STEWART, MICHAEL DOANE, and DOES 1 to 100,<br><br>Defendants. | No. 2:17-cv-1211-TLN-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on July 17, 2019, for hearing on defendant Cory Stewart's motion for reconsideration of the court's order granting in part and denying in part defendants' motion to dismiss plaintiff's second amended complaint. ECF No. 42. Attorney Wendy Motooka appeared on behalf of defendant Stewart, and plaintiff appeared pro se. For the following reasons, it is recommended that defendant's motion be denied.

I.  Background

This action proceeds on plaintiff's second amended complaint. ECF No. 22. Plaintiff alleges that on July 17, 2016, he visited the River Bend Park beach area in Rancho Cordova, California. *Id.* at 3. While loading a kayak onto a vehicle parked in a restricted area, plaintiff was confronted by defendant Cory Stewart (hereinafter "Stewart"). *Id.* Stewart made several requests for plaintiff to produce identification. These requests were met with criticism and

1

condescending remarks, as well as a refusal to produce identification. *Id*. at 4, 8. Ultimately, plaintiff was arrested and charged with a violation of California Penal Code § 148(a)(1) (resisting, delaying, or obstructing a peace officer). *Id*. at 5; ECF No. 24-2 at 43. Plaintiff's second amended complaint alleged claims for violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments, and violation of California's Bane Act. ECF No. 22 at 5-9.

Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that plaintiff's First Amendment retaliatory arrest claim failed because Stewart had probable cause to arrest plaintiff. ECF No. 24. Defendants' motion was denied as to plaintiff's First Amendment retaliation claim and related Bane Act claim[1] and granted as to his Fourth and Fourteenth Amendment claims. ECF No. 37 at 2. Of significance here, the court rejected Stewart's argument that plaintiff's "no contest" plea to violating California Penal Code 148(a)(1)—which establishes probable cause for plaintiff's arrest—foreclosed his retaliatory arrest claim. Relying on *Ford v. City of Yakima*, 706 F.3d 1188 (9th Cir. 2013) and *Dietich v. John Ascuaga's Nugget*, 548 F.3d 892 (9th Cir. 2008), the court held that plaintiff could state a First Amendment retaliation claim even if his arrest was supported by probable cause. ECF No. 34 at 9; *see Ford*, 706 F.3d at 1196 ("police action motivated by retaliatory animus [is] unlawful, even if probable cause existed for [the] action."); *Dietich*, 548 F.3d at 901 (the fact that a defendant officer "had probable cause is not dispositive. But it undoubtedly has high probative force.").

Defendant moves for reconsideration of that holding, arguing that the Ninth Circuit's holding in *Ford* is no longer controlling in light of the Supreme Court's recent decision in *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).[2] ECF No. 42.

/////

/////

---

[1] Plaintiff's Bane Act claim is based on the same allegations as his First Amendment retaliation claim. ECF No. 22 at 7-9.

[2] *Nieves* was decided on May 28, 2019, approximately two months after the court issued its order on defendants' motion to dismiss.

2

## II. Legal Standards

Federal Rule of Civil Procedure 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

## III. Discussion

Stewart argues that under the Supreme Court's decision in *Nieves*, plaintiff is required to allege the absence of probable cause to state a First Amendment retaliatory arrest claim. He contends that because plaintiff pled no contest to violating section California Penal Code § 148(a), probable cause for his arrest is established. Accordingly, Stewart argues that plaintiff's First Amendment retaliatory arrest and Bane Act claims must be dismissed.

In *Nieves*, the Supreme Court held that a plaintiff bringing a First Amendment retaliatory arrest claim must generally "plead and prove the absence of probable cause." 139 S.Ct. at 1723. The court, however, carved out a narrow exception to the "no-probable-cause requirement." Under the exception, a plaintiff is not required to establish the absence of probable cause if he "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 1727.

Here, it is doubtful that otherwise similarly situated individuals who did not engage in protect speech have been arrested. The facts as alleged by plaintiff are that he refused to present identification but otherwise did nothing to physically impede or obstruct the officer. Yet, plaintiff entered a plea of "no contest" to resisting, delaying, or obstructing a peace officer. Assuming that the no contest plea establishes probable cause for his arrest, *see Dobson Med. Group, Inc. v. Midland Risk Ins. Co.*, 18 F. App'x 578, 580 (9th Cir. 2001) (unpublished) (finding that a

3

conviction arising from a no contest plea established guilt and superseded the question of whether there was probable cause to arrest), the question remains whether other individuals under the same circumstances pled in the complaint but without making statements critical of the officer have been arrested. Accepting plaintiff's allegations as true, which the court must at this juncture, there appears a reasonable possibility that the exception in *Nieves* to the "no-probable-cause requirement" will apply in this case.

As previously summarized by the court, plaintiff alleges that:

> he was loading a Kayak onto a car parked in a restricted area when he was approached by Stewart.
>
> . . .
>
> Stewart asked plaintiff to provide identification, but plaintiff ignored the request and "began to make criticizing gestures and comments towards [Stewart] for his attempts to investigate" plaintiff. Plaintiff appears to contend that there was no basis for Stewart's request for identification because Stewart did not witness plaintiff commit a crime or operate the [car parked in the restricted area] . . . . After plaintiff made his criticizing remarks, Stewart "placed himself in the direct path of [plaintiff's] physical movements . . . in order to get [plaintiff's] attention." Plaintiff allegedly attempted to ignore Stewart by walking around him. Stewart then placed his hands on plaintiff's chest to stop plaintiff from moving. Plaintiff immediately stopped, placed his hands in the air, and asked if he was being detained. Stewart informed him that he was being detained, and plaintiff then "immediately surrendered to Stewart and became docile." Stewart allegedly made another demand for identification, which was again met with verbal criticism and condescending remarks, including "you don't need to know who I am." Stewart then placed plaintiff in handcuffs, searched him without consent, and placed him in the back of a "patrol vehicle without a warrant."

ECF No. 34 at 2-3.

Plaintiff may have interfered with Stewart's ability to investigate the unauthorized vehicle and plaintiff's relationship to it. He does allege that he attempted to walk around Stewart after Stewart requested identification and blocked plaintiff's path of travel.[3] But, under the allegations of the complaint, plaintiff was otherwise cooperative aside from exercising his right to criticize

---

[3] *See In re Gregory S.*, 112 Cal. App. 3d 764, 771, 778 (1980) (holding that while the defendant was free to refuse to identify himself or to answer questions, his forceful attempt to leave—which involved the defendant struggling and attempting to pull his arm away from the investigating officer—violated section 148).

4

Stewart and not produce identification. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984) (where an officer has reasonable suspicion that a particular person has committed a crime, the officer "may detain that person briefly . . . [and] ask the detainee a moderate number of questions to determine his identity and to try an obtain information confirming or dispelling the officer's suspicions. But the detainee is *not* obligated to respond." (emphasis added)). Defendant's motion does not provide any examples of other similarly situated individuals who have been arrested, and at oral argument counsel could provide no such examples. Indeed, it appears unlikely that they exist. *See People v. Quiroga*, 16 Cal. App. 4th 961, 969 n.2 (1993) (observing that a "defendant's refusal to identify himself or to answer questions [is] protected speech."). Rather, from the allegations of the complaint it appears that the distinguishing circumstance leading to plaintiff's arrest was his comments critical of the officer. But such statements cannot legitimately form the basis for the arrest. *United States v. Poocha*, 259 F.3d 1077, 1080 (9th Cir. 2001) ("[T]he First Amendment protects verbal criticism, challenges, and profanity directed at police officers unless the speech is 'shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.'"); *Quiroga*, 16 Cal. App. 4th at 971-72 (finding that protected speech may not be considered in assessing violation of Cal. Penal Code § 148.). Whether there are such examples is a matter that can form the basis of discovery, and if appropriate, a summary judgment motion where declarations and exhibits or other material extrinsic to the complaint may be properly considered.

Based on the facts as alleged in the complaint, the exception to the "no-probable-cause requirement" could apply in this case. Plaintiff should therefore be given the opportunity to conduct discovery related to whether the exception outlined in *Nieves* applies. Similarly, defendant may address the issue in a properly-filed motion for summary judgment.

/////

/////

/////

/////

IV.     Conclusion

Accordingly, it is hereby RECOMMENDED that defendant's motion for reconsideration (ECF No. 42) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 19, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE