UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO, CORY STEWART, MICHAEL DOANE, and DOES 1 to 100,<br><br>　　　　　Defendants. | No. 2:17-cv-1211-TLN-EFB PS<br><br><br>ORDER AFTER HEARING |

This case was before the court on January 8, 2020, for hearing on plaintiff's motions to compel further deposition testimony from defendant Cory Stewart (ECF No. 48) and for reconsideration of the court's March 30, 2018 order dismissing plaintiff's Fourth Amendment claim without leave to amend (ECF No. 49). Attorney Wendy Motooka appeared on behalf of defendant Stewart, and plaintiff appeared pro se. For the reasons stated on the record, plaintiff's motion to compel further deposition testimony from defendant Stewart is granted.[1] With respect to plaintiff's motion for reconsideration, the parties are directed to submit supplemental briefs addressing what constitutes a violation of California Penal Code § 148(a)(1), the required

---

[1] At the hearing, the court granted defendant's request to file a motion for a protective order seeking to preclude testimony regarding an ongoing investigation pending at the time of Stewart's original investigation. Stewart has since informed the court that the investigation has concluded and that there is no longer any basis for seeking a protective order. ECF No. 54.

1

elements to establish a violation, and what specific conduct by the plaintiff amounted to such a violation.

This case arises out of plaintiff's July 17, 2016 arrest, which occurred when plaintiff was loading a kayak onto a vehicle that was parked in a restricted area of a Sacramento County park. Shortly after commencing this action, plaintiff amended his complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). The first amended complaint alleged, among other things, that defendant Stewart violated the Fourth Amendment by arresting plaintiff without probable cause. ECF No. 4. Defendant Stewart moved to dismiss that complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. With respect to plaintiff's Fourth Amendment claim, Stewart argued that the claim failed because: (1) the first amended complaint's allegations established that there was probable cause to arrest plaintiff for violation of California Penal Code § 148(a)(1); the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and the doctrine of equitable estoppel; and Stewart is entitled to qualified immunity. ECF No. 10-1 at 10-15. The court agreed that plaintiff's Fourth Amendment claim was barred by *Heck* because state court records submitted by the Stewart showed plaintiff had entered a no contest plea to violating section 148(a)(1) and that his sentencing was scheduled for September 17, 2017. ECF No. 10-2 at 18-19. The court also concluded that the allegations concerning plaintiff's arrest, although limited, demonstrated that plaintiff at least nominally obstructed Stewart's ability to perform his official duties, thereby establishing probable cause for plaintiff's arrest.[2] ECF Nos. 15 & 21. Consequently, plaintiff's Fourth Amendment claim was dismissed without leave to amend, although leave to amend was granted for other claims. *Id*.

Plaintiff subsequently filed a second amended complaint that included additional factual allegations surrounding his arrest. ECF No. 22. These new allegations add more detail and assert that while plaintiff did initially attempt to walk around Stewart, once Stewart physically stopped plaintiff by placing his hands on plaintiff's chest, plaintiff immediately stopped and placed his hands in the air and asked if he was being detained.

---

[2] In light of these findings, the court declined to reach Stewart's judicial estoppel argument.

2

Stewart again moved for dismissal under Rule 12(b)(6). ECF No. 24. That motion was granted in part and denied in part. ECF Nos. 34 & 37. Despite the new allegations, plaintiff's Fourth Amendment claim was stricken since it had previously been dismissed without leave to amend and plaintiff did not advance an argument in support of reconsidering the prior order. ECF No. 34 at 4-5. The instant motion for reconsideration now advances such arguments. Significantly, as it relates to reconsideration, Stewart's motion to dismiss was accompanied by a request for judicial notice of state court records reflecting that plaintiff's no contest plea to violating section 148(a)(1) had been withdrawn and his criminal case had been dismissed after completion of a deferred entry of judgment program.[3] *See* 24-2 at 16.

At the hearing on the instant motion, the parties agreed that plaintiff's Fourth Amendment claim is not barred by *Heck* because his criminal case was dismissed. Thus, reconsideration as to that issue must be granted. The plaintiff's claims are not *Heck*-barred. But the parties continue to dispute whether the second amended complaint's allegations demonstrate that plaintiff's actions established probable cause for violation of California Penal Code § 148(a)(1). As noted, plaintiff's amended complaint provides more detail, including the allegation that any attempt to walk around Stewart ceased the moment Stewart placed his hands on plaintiff's chest and informed him he was being detained. None of the briefs submitted to date adequately address whether plaintiff's conduct, as alleged in the second amended complaint, establishes a violation of California Penal Code § 148(a)(1). They are now directed to do so.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to compel further deposition testimony from defendant Cory Stewart (ECF No. 48) is granted. Plaintiff may depose defendant Stewart for two additional hours. The deposition shall be completed by February 28, 2020.

2. The May 3, 2019 scheduling order (ECF No. 41) is modified to extend the discovery cut-off date to February 28, 2020 for the limited purpose of allowing plaintiff to complete Stewart's deposition.

---

[3] The state court records Stewart submitted with his earlier motion to dismiss did not reflect plaintiff's participation in a deferred entry of judgment program.

3. By no later than February 14, 2020, defendant Stewart shall submit a supplemental brief addressing the parameters of California Penal § 148(a)(1) and whether the allegations in the second amended complaint establish a violation of that section. Stewart shall also concurrently email plaintiff a copy of the supplemental brief filed with the court.

4. Plaintiff shall file a response to Stewart's brief no later than February 21, 2020.

DATED: January 30, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE