UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL, | No. 2:17-cv-1211-TLN-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, CORY STEWART, MICHAEL DOANE, and DOES 1 to 100, | |
| Defendants. | |

This case was before the court on January 8, 2020, for hearing on plaintiff's motion for reconsideration of the court's March 30, 2018 order dismissing plaintiff's Fourth Amendment claim without leave to amend.[1] Attorney Wendy Motooka appeared on behalf of defendant Stewart, and plaintiff appeared pro se. At the hearing, the parties were directed to submit supplemental briefs addressing what constitutes a violation of California Penal Code § 148(a)(1), the required elements to establish a violation, and what specific conduct by plaintiff amounted to such a violation. *See* ECF No. 55 at 1-2. The parties have since filed their supplemental briefs. ECF Nos. 56 & 57.

/////

---

[1] The case was also before the court on plaintiff's motion to compel further deposition testimony from defendant Steward. ECF No. 48. That motion was previously granted in a separate order. ECF No. 55.

1

Having considered the parties' briefs and the arguments made at the hearing, the court now recommends that plaintiff's motion for reconsideration be granted.

I.   Background

This case arises out of plaintiff's July 17, 2016 arrest, which occurred when plaintiff was loading a kayak onto a vehicle that was parked in a restricted area of a Sacramento County park. Shortly after commencing this action, plaintiff amended his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). The first amended complaint alleged, among other things, that defendant Stewart violated the Fourth Amendment by arresting plaintiff without probable cause. ECF No. 4. Defendant Stewart moved to dismiss that complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Stewart argued that plaintiff's Fourth Amendment claim failed because: (1) the first amended complaint's allegations establish that there was probable cause to arrest plaintiff for violation of California Penal Code § 148(a)(1); the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and the doctrine of equitable estoppel; and Stewart is entitled to qualified immunity. ECF No. 10-1 at 10-15.

The court agreed that plaintiff's Fourth Amendment claim was barred by *Heck* because state court records showed he had entered a no contest plea to violating section 148(a)(1) and that his sentencing was scheduled for September 17, 2017. ECF No. 10-2 at 18-19. The court also concluded that the allegations concerning plaintiff's arrest, although limited, demonstrated that plaintiff obstructed Stewart's ability to perform his official duties, thereby establishing probable cause for plaintiff's arrest.[2] ECF Nos. 15 & 21. Consequently, plaintiff's Fourth Amendment claim was dismissed without leave to amend. Leave to amend was granted for other claims. *Id*.

Plaintiff subsequently filed a second amended complaint that included additional factual allegations surrounding his arrest. ECF No. 22. These new allegations, taken as true for purposes Rule 12(b)(6), show that while plaintiff did initially attempt to walk around Stewart, he ceased all physically evasive conduct upon Stewart physically stopping him and informing him that he was

/////

---

[2] In light of these findings, the court declined to reach Stewart's judicial estoppel argument.

2

being detained. At that point, when it was clear he was be detained, there was no evasive conduct whatsoever.

Stewart again moved to dismiss under Rule 12(b)(6). ECF No. 24. That motion was accompanied by a request for judicial notice of state court records reflecting that plaintiff's no contest plea to violating section 148(a)(1) had been withdrawn and his criminal case had been dismissed after completion of a deferred entry of judgment program.[3] *See* 24-2 at 16.

That motion was granted in part and denied in part. ECF Nos. 34 & 37. Despite the new allegations and evidence showing dismissal of the plaintiff's criminal case, plaintiff's Fourth Amendment claim was stricken because it had previously been dismissed without leave to amend and plaintiff did not advance an argument in support of reconsidering that prior order. ECF No. 34 at 4-5. The instant motion for reconsideration now advances those arguments.

At the hearing, the parties agreed that plaintiff's Fourth Amendment claim is not barred by *Heck* because his criminal case was dismissed. But they continue to disagree about whether the second amended complaint's allegations demonstrate that plaintiff's actions established probable cause for violation of California Penal Code § 148(a)(1).

II.   Legal Standards

Federal Rule of Civil Procedure 60 provides that a court may relieve a party of a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

---

[3] The state court records Stewart submitted with his earlier motion to dismiss did not reflect plaintiff's participation in a deferred entry of judgment program.

III. Discussion

    A.    California Penal Code § 148(a)(1)

To prevail on a § 1983 claim for false arrest a plaintiff must demonstrate that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 139 F.3d 374, 380 (1998). Plaintiff was allegedly arrested for violation of California Penal Code § 148(a)(1). "The legal elements of a violation of section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *In re Muhammed C.*, 95 Cal. App. 4th 1325, 1329 (2002) (citations omitted).

The court previously summarized the operative complaint's allegations as follows:

> The second amended complaint alleges that while plaintiff was loading a kayak onto a car, Stewart approached him and asked to talk to him. ECF No. 22 at 3, ¶ 11. Plaintiff responded by stating "no" and continuing to load the kayak on the vehicle. *Id*. Stewart subsequently asked plaintiff to provide identification, a request that plaintiff ignored. *Id*. at 4, ¶ 18. Stewart then allegedly stepped in front of plaintiff "to get [plaintiff's] attention." *Id*. at 4, ¶ 20. Plaintiff alleges that he tried to ignore Stewart by walking around him, *id*. at 4, ¶ 20, but Stewart placed his hands on plaintiff's chest. *Id*. According to plaintiff, he immediately stopped and placed his hands in the air, and then asked if he was being detained. *Id*. at 4, ¶ 21. Stewart allegedly told plaintiff that he was being detained, and, according to plaintiff, plaintiff "immediately surrendered to Stewart and became docile." *Id*. at 4, ¶ 21. When Stewart again asked plaintiff for identification, plaintiff continued his verbal criticism and made condescending remarks, including stating "you don't need to know who I am." *Id*. at 4, ¶ 22. Plaintiff then asked if he was being charged with an infraction, to which Stewart responded he "very well might be, yes." *Id*. at 5, ¶ 24. According to the complaint, Stewart then placed plaintiff in handcuffs, searched his person, and placed him in the back of a patrol vehicle where he was detained for a period of approximately 45 minutes. *Id*. at 5, ¶¶ 24-27.

ECF No. 34 at 6-7.

These facts—which the court previously considered in conjunction to the second amended complaint's First Amendment claim—"do not show that plaintiff engaged in any physical conduct that was obstructive, restrictive of restraint, or otherwise physically interfered with Stewart's performance of his duties." *Id*. at 7. Instead, they merely reflect that plaintiff verbally

4

criticized defendant Stewart and refused to comply with demands to produce identification. Such conduct cannot support an arrest for violation of Penal Code § 148. *See Martinelli v. City of Beaumont*, 820 F.2d 1491, 1494 (9th Cir. 1987) ("The court should have instructed the jury that the use of Section 148 to arrest a person for refusing to identify herself during a lawful Terry stop violates the Fourth Amendment's proscription against unreasonable searches and seizures."); *Mackinney v. Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995) ("verbal challenges to the police are protected . . . . verbal protests [that can]not support an arrest under § 148."); *see also In re Gregory S.*, 112 Cal. App. 3d 764, 779 (1980) ("We find no authority to support the court's legal conclusion that a person who merely refuses to identify himself or to answer questions in a context similar to that before us thereby violates Penal Code section 148 or otherwise furnishes ground for arrest.").

Stewart argues, however, that the arrest for violation of § 148 was lawful because he had probable cause to believe that plaintiff committed a parking violation, which permitted him to ascertain plaintiff's identify. ECF No. 56 at 5-7. Parking violations are not criminal offenses in California, but they are sufficient to establish reasonable suspicion for conducting an investigatory stop. *Whren v. United States*, 517 U.S. 806, 810 (1996) (holding that a traffic violation is sufficient to establish the reasonable suspicion required to perform an investigatory traffic stop); *United States v. Choudhry*, 461 F.3d 1097, 1103 (9th Cir. 2006) (under California's civil administrative process, a parking violation—although decriminalized—is part of the "traffic laws," the violation of which establishes reasonable suspicion for an investigatory stop); *People v. Hart*, 74 Cal. App. 4th 479, 488 (1999) ("An officer may detain and cite a person for violating the Vehicle Code."). Thus, an officer having probable cause to believe that a suspect violated California's Vehicle Code, including a parking violation, may detain the suspect and demand satisfactory identification be produced. *People v. Hart*, 74 Cal. App. 4th 479, 493 (1999) ("[S]ince the defendant does not contest the fact that her van was parked illegally, Deputy Bicker lawfully detained her. Once detained, the defendant was obligated to identify herself."); Cal Veh. Code § 40302. But the question Stewart presents is whether the parking violation provides an alternative basis to arrest plaintiff under § 148 for his verbal criticisms and statement "you don't

1   need to know who I am." ECF No. 22, at 4, ¶ 22.  As addressed above, an arrest under §148

2   cannot be based on plaintiff's simple refusal to identify himself or to answer questions and given

3   that a parking infraction itself is not grounds for an arrest, it is counterintuitive that the two in

4   combination, without some further obstructing act, could lawfully support a valid arrest.  But in

5   any event, plaintiff was not arrested for unlawfully parking a vehicle in a restricted area, or for

6   any other traffic violation.  Instead, he was arrested for violating Penal Code § 148(a)(1), which

7   cannot be predicated on a refusal to produce identification or engaging in protected speech.  *See*

8   *Martinelli*, 820 F.2d at 1494; *Mackinney*, 69 F.3d at 1007.

9         B.      <u>Judicial Estoppel</u>

10         In his initial motion seeking dismissal of the first amended complaint, Stewart argued that

11   plaintiff's no contest plea to the charge of violating Penal Code § 148 requires dismissal of his

12   wrongful arrest claim under the doctrine of judicial estoppel.  The court did not reach that

13   argument but addresses it now.

14         Judicial estoppel is an equitable doctrine that may be invoked at the court's discretion.

15   *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 601-02 (9th Cir. 1996).  It serves to

16   prevent a party from prevailing on an argument in one phase of a case and then relying on a

17   contradictory argument to prevail in another phase.  *New Hampshire v. Maine*, 532 U.S. 742, 749

18   (2001).  However, courts have frequently extended the doctrine to apply to prior statements made

19   in other judicial proceedings.  *Rissetto*, 94 F.3d at 604.  Factors relevant to determining whether a

20   party should be judicially estopped from advancing a position include: 1) the party's position is

21   "clearly inconsistent" with its earlier position; 2) the judicial acceptance of the party's second

22   position would create the "perception that either the first or the second court was misled;" and 3)

23   the party would derive an unfair advantage or impose an unfair detriment if not estopped.  *New*

24   *Hampshire*, 532 U.S. at 750.

25         Stewart contends that plaintiff's no contest plea to violating Penal Code § 148 is

26   inconsistent with his current position that his arrest was unlawful.  Although judicial estoppel has

27   been applied to no contest pleas, the courts to do so consistently "emphasized that a plea itself is

28   not dispositive, and that the circumstances in which the plea was made are critical."  *Caylor v.*

*City of Seattle*, 2013 WL 1855739, at 8 (W.D. Wash. Apr. 30, 2013) (collecting cases).  Stewart has not submitted evidence concerning the circumstances surrounding plaintiff's plea.  Nor has any factual basis been identified that could support a violation of § 148.  Consequently, Stewart has failed to demonstrate that plaintiff is estopped from asserting his Fourth Amendment claim.

Accordingly, it is RECOMMENDED that:

1.  Plaintiff's request for reconsideration (ECF No. 49) be granted; and

2.  Plaintiff be permitted to proceed on the second amended complaint's Fourth Amendment claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE