UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL,<br><br>                Plaintiff,<br><br>    v.<br><br>CORY STEWART,<br><br>                Defendants. | Case No. 2:17-cv-01211-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF Nos. 65, 68<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Reasonableness drives the Fourth Amendment. What is reasonable in one situation will be unreasonable in another, and so the extent of the Fourth Amendment's protection varies. Further complicating the issue, what is reasonable for Fourth Amendment purposes can depend on circumstances known only to law enforcement, making it difficult for a civilian in contact with law enforcement to know what protection the Fourth Amendment provides. It is a risky business for that civilian to lay claim to a greater degree of protection than he or she might later be determined to have had. Given laws that criminalize certain obstructions of law enforcement, it can even result in a criminal conviction.

      Plaintiff claims that defendant, a county park ranger, violated his First and Fourth Amendment rights. He argues that he was unreasonably detained, arrested, and searched by

1

defendant when he did not cooperate with certain of defendant's requests and demands, including a demand for identification. He also argues that defendant retaliated against him by arresting him after he questioned defendant's authority.

**I.      BACKGROUND**

Defendant was on duty as a ranger in Sacramento County's River Bend Park when he came across a stationary car, its engine running, on a road that bordered the river. ECF No. 65-5 at 78-79. Signs along the road limited access to authorized vehicles. *Id.* at 63, 81, 95, 97-98. Defendant, who was in uniform, saw that plaintiff was attaching a kayak to the car's roof and drove his marked patrol vehicle closer to investigate. *Id.* at 25, 79. Plaintiff recognized that defendant was a ranger, but disregarded defendant's repeated attempts to get his attention. *Id.* at 26-27, 37, 82. When defendant told plaintiff that the car was not permitted in the area and requested plaintiff's identification, plaintiff ignored him and continued securing the kayak. *Id.* at 39-41, 83-84.

Even after defendant informed plaintiff that he was being detained, plaintiff still did not provide identification. *Id.* at 45. Instead, he retrieved a cell phone from the vehicle and began filming defendant. *Id.* at 44-45. As captured in the recording, defendant told plaintiff that he was being detained for violating Sacramento County Code ("SCC") 9.36.065(D), which prohibits parking "within any park facility except in areas specifically designated as parking areas."[1] *Id.* at

---

[1] Plaintiff disputes this fact based on defendant's responses to certain interrogatories. ECF No. 67-2 at 4. But those responses focus on defendant's reasons for detaining plaintiff, not what defendant said at the time. In his first set of responses, defendant denied that he had detained plaintiff for violating Sacramento County Code 9.36.065(D). ECF No. 68-2 at 28. In the second set, defendant clarified that he "detained plaintiff in order to investigate a suspicious occupied vehicle . . . in a restricted area of the park." *Id.* at 37. As such, defendant's responses show that he had concerns extending beyond a violation of Sacramento County Code 9.36.065(D), but there is no genuine dispute about what defendant told plaintiff, which is captured in the partial recording of their interaction:

> CHRIS LULL: Am I being detained?
> RANGER CORY STEWART: You are being detained.
> CHRIS LULL: For what purpose.
> RANGER CORY STEWART: [ . . . ] Your vehicle is not in a lawful area, and I'm asking for your identification so I can see who you are. [. . .]
> CHRIS LULL: So what—what law have I violated?

2

130-31. Defendant told plaintiff that he understood plaintiff to be the car's driver. *Id.* at 131. When plaintiff continued to disregard defendant's demands for identification, defendant warned him that he was escalating the situation into a "misdemeanor rather than an infraction," since plaintiff was "delaying [defendant's] ability to do [his] job." *Id.* Plaintiff told defendant that "it would be a lot easier" if defendant would just ask him to leave—in which case he would. *Id.* at 132. But defendant declined to do so and again both demanded identification and informed plaintiff that he was being detained. *Id.* at 133. Plaintiff then told defendant to go ahead and arrest him. *Id.*

Defendant arrested plaintiff and cited him for delaying and obstructing a peace officer in the performance of his duties in violation of California Penal Code § 148(a)—as promised, a misdemeanor. *See id.* at 53-54, 74. When he searched plaintiff's person and possessions following the arrest, he found plaintiff's identification. *Id.* at 47, 49, 91. Defendant also issued a citation to the vehicle for parking in a prohibited zone. *Id.* at 51, 66. He released plaintiff, who eventually pled no contest to the § 148(a) charge. *Id.* at 55-59, 67, 74.

Plaintiff then brought this suit, alleging that defendant had violated his rights under the First and Fourth Amendments.[2] Plaintiff brings this action under 42 U.S.C. § 1983 and the Thomas Bane Civil Rights Act, Cal. Civ. Code § 52.1. Both parties have moved for summary judgment.[3] ECF Nos. 65, 68.

---

> RANGER CORY STEWART: You've violated County Ordinance.
> CHRIS LULL: What County Ordinance?
> RANGER CORY STEWART: 9.36.065(D), as in David. I.D. please.

ECF No. 65-5 at 130-31.

[2] Plaintiff proceeds without counsel. Previously, the court dismissed all claims against Sacramento County and Michael Doane. ECF No. 37 (adopting the findings and recommendations in ECF No. 34). At that time, the court also dismissed plaintiff's Fourth Amendment claims against defendant Cory Stewart. *See id.* Plaintiff moved for reconsideration of the order dismissing his Fourth Amendment claims. ECF No. 49. The court granted that motion and vacated its previous dismissal of plaintiff's Fourth Amendment claims against defendant Stewart. ECF No. 64 (adopting fully the findings and recommendations in ECF No. 61).

[3] A hearing on these motions was held on January 21, 2021. ECF No. 77. Since I inquired into aspects of law that had not been addressed in the parties' briefs, I invited supplemental briefing, and both parties submitted supplemental briefs. ECF Nos. 79, 80.

## II. STANDARD OF REVIEW

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party demonstrates that summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden shifts to the opposing party to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The party is required to tender evidence of specific facts in the record in support of its contention that a factual dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors*

*Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).  However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated there to be no genuine issue of material fact and showed judgment to be appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

**III.   ANALYSIS**

    **A.  Fourth Amendment Claims**

Plaintiff argues that defendant violated his Fourth Amendment rights by detaining him without reasonable suspicion or probable cause, demanding identification without evidence that plaintiff was a vehicle's driver, and arresting and searching him without probable cause.  ECF No. 68-1 at 3-5.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  In determining whether an officer's actions were reasonable under the Fourth Amendment, courts are not limited to an officer's stated justification for a stop or search, but rather must consider all the facts and circumstances known to the officer and assess whether the facts would "'warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

        **i.   Initial Detention**

Plaintiff first argues that his initial detention was unlawful because defendant was investigating a vehicle rather than plaintiff.  ECF No. 68-1 at 3.  But even if plaintiff's contention

5

1   is true, this would not make the initial detention unlawful; law enforcement can briefly stop

2   individuals to investigate parking infractions.[4]  *See Holcomb v. Ramar*, No. 1:13-CV-1102-AWI-

3   SKO, 2015 WL 6437433, at *9 (E.D. Cal. Oct. 21, 2015) ("[A] California peace officer can

4   conduct an investigatory stop with respect to a civil parking violation."); *People v. Bennett*, 197

5   Cal. App. 4th 907, 913-16 (Cal. Ct. App. 2011) (rejecting the argument that parking violations do

6   not justify investigatory stops); *People v. Hart*, 74 Cal. App. 4th 479, 488 (Cal. Ct. App. 1999)

7   ("An officer may detain and cite a person for violating the Vehicle Code."). Since defendant is a

8   peace officer, *see* Cal. Penal Code § 830.31(b), the Fourth Amendment permitted him to detain

9   plaintiff to investigate a moving or parking violation—as he did here.

10         Plaintiff further argues that defendant did not have probable cause to suspect that he had

11   committed a moving or parking infraction. This argument is similarly unavailing. Defendant

12   informed plaintiff that he was being detained for a violation of SCC 9.36.065(D), which prohibits

13   parking in a county park, unless the area is designated for parking. Parking is defined as the

14   "standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and

15   while actually engaged in loading or unloading merchandise or passengers." Cal. Veh. Code

16   § 463. Plaintiff argues that the vehicle was not parked, since "it was being loaded." ECF No. 67

17   at 2. Even if I accept plaintiff's broad interpretation of "merchandise"—such that loading a

18   kayak qualifies as loading merchandise—this court must examine whether there was probable

19   cause as to *any* moving or parking violation in light of the facts and circumstances known to

20   defendant at the time of the detention.[5]  *See Brinegar*, 338 U.S. at 175-76; *see also Whren v.*

21   *United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary,

22   probable-cause Fourth Amendment analysis.").

23         Here, the facts and circumstances then known to defendant gave him probable cause to

24   believe that plaintiff had violated at least two other laws: SCC 9.36.065(A), which prohibits the

---

[4] While California has adopted a civil administrative scheme for parking violation enforcement, its non-criminal status does not impact law enforcement's ability to conduct an investigatory stop. *See United States v. Choudhry*, 461 F.3d 1097, 1101-04 (9th Cir. 2006).

[5] Defendant argues that "merchandise" should be construed as limited only to activities closely tied to commerce, but I need not reach that issue. *See* ECF No. 79 at 1-2.

use of motor vehicles "on roads or trails other than those designated for that purpose without a permit from the Director"; and California Vehicle Code § 21113(a)(1)(C), which prohibits the parking or standing of a vehicle on county park grounds, except as authorized by the county.[6] *See* ECF No. 79 at 2. Defendant saw plaintiff loading a kayak onto a stationary vehicle in an area of a county park that could only be accessed via a road that explicitly prohibited unauthorized vehicles. Thus, at the time he detained plaintiff, defendant had probable cause to believe that the car had been driven to its location in violation of SCC 9.36.065(A) and that it was standing in that area in violation of California Vehicle Code § 21113(a)(1)(C). Accordingly, defendant did not violate plaintiff's Fourth Amendment rights by detaining him to investigate further.

### ii. Demand for Identification, Arrest, and Search

Defendant arrested plaintiff for a violation of California Penal Code § 148(a)(1) after plaintiff did not comply with demands for identification. Notably, defendant had told plaintiff the basis for his demands—defendant believed that plaintiff was the driver of a car that was in a prohibited area. *See* ECF No. 65-5 at 27, 73, 78-79, 131. Plaintiff contends that the arrest was not supported by probable cause, arguing that he did not need to provide his identification since defendant had not observed him driving and there was "[n]o evidence" that he was the driver. ECF No. 80 at 1.

In California, an officer may demand identification from a vehicle's driver when enforcing any provision of the vehicle code, and the driver must comply. Cal. Veh. Code. § 12951(b). A "driver" is anyone who "is in actual physical control of the vehicle." Cal. Veh. Code. § 305; *see also Panopulos v. Maderis*, 47 Cal. 2d 337, 342 (Cal. 1956) (discussing the

---

[6] Plaintiff argues that parking must have been permitted along the beach because there were no signs prohibiting parking. ECF No. 80 at 2. He argues that, to prohibit parking or standing along the beach, the county needed to install signs along the beach area and at all entry points. *See id.* at 3. In support of this argument, he cites California Vehicle Code § 21113(b), which requires signs designating "any special conditions or regulations that are imposed under this section." Per California Vehicle Code § 21113(a)(1)(C), the default condition is that no parking or standing is permitted on county park grounds, except as otherwise authorized. Accordingly, the general prohibition on parking or standing in a county park is not a "special" condition or regulation.

As plaintiff asserts, it is uncontested that no signs authorized parking or standing along the beach. *See id.* at 2. Without signs authorizing parking or standing in that area, it was prohibited.

definition of "driver" and determining that a person outside the vehicle can be a driver).

When defendant demanded plaintiff's identification, he knew that the car's engine was running, plaintiff was the only person near the car, plaintiff was actively securing a kayak to the car, and plaintiff was reaching into the car. *See* ECF No. 65-5 at 27, 45, 73, 78-79. Thus, at the time of defendant's demand for identification, it appeared that plaintiff was "in actual physical control of the vehicle." *See* Cal. Veh. Code. § 305. Additionally, plaintiff told defendant that he would leave if defendant asked him to, suggesting that he could have driven the vehicle away. *See* ECF No. 65-5 at 132. Based on the facts and circumstances known to defendant, there was reason to believe that plaintiff was the driver. Therefore, defendant was authorized to conduct an investigatory stop and to demand plaintiff's identification, and plaintiff had to comply. *See* Cal. Veh. Code. § 12951(b).

After refusing to provide his identification, plaintiff was arrested for violating California Penal Code § 148(a)(1), which penalizes the willful resistance, delay, or obstruction of a peace officer in the discharge of an official duty. A driver's refusal to comply with a peace officer's demand for identification provides probable cause for a violation of § 148(a)(1). *See Kuhlken v. Cty. of San Diego*, 764 F. App'x 612, 613 (9th Cir. 2019) ("It is undisputed that Fox refused to provide identification upon request, creating the probable cause for a violation of California Penal Code § 148(a)(1) and California Vehicle Code § 12951(b)."). Though plaintiff claims that he did not resist, delay, or obstruct—but rather chose not to cooperate—the choice was not his to make. Under the circumstances, he was required to provide his identification, and his refusal to do so impeded the ranger's investigation.[7] *See* Cal. Veh. Code. § 12951(b). This gave defendant probable cause to arrest plaintiff.

---

[7] During the January 21 hearing, plaintiff further argued that he did not violate § 148(a)(1) because no law required the officer to demand identification. In plaintiff's view, this should mean that he did not delay or obstruct the officer in the performance of his duties. But officers are vested with extensive discretion. Few laws *require* officers to undertake investigation or arrest, but this is not a bar to them performing their duties. Defendant presumably could have chosen to issue a citation to the vehicle itself without demanding plaintiff's identification, but this in no way means that he was constrained to that approach.

8

Following plaintiff's arrest, defendant searched his person and the objects within his control. Lawful arrest "establishes the authority to search" without a warrant, and such a search is reasonable under the Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 235 (1973). Because plaintiff's arrest was lawful, the search incident to arrest was reasonable.

Previously, the court analyzed § 148 in the context of defendant's Rule 12(b)(6) motion to dismiss, ECF No. 24, and plaintiff's motion for reconsideration, ECF No. 42. In addressing § 148(a)(1)'s reach, the court summarized the basic state of the law generally applicable to an individual standing on county parkland—whom, the court noted, the Fourth Amendment would generally shield from arrest based on either a failure to provide identification or a parking infraction. ECF No. 61 at 6. The court's prior statements were fitting, given plaintiff's allegations and the motion to dismiss stance, in which the court had to accept as true the complaint's factual allegations and construe them in the light most favorable to plaintiff. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 977 (9th Cir. 2007).

Plaintiff's complaint painted a picture in which he "used [a] permit to access an area" of a public park that "is not demarcated as a restricted area," after which defendant "accosted" him over a parking violation. ECF No. 22 at 3-4. The allegations suggested that plaintiff was not the car's driver and therefore not subject to § 12951(b)'s requirement to produce identification.[8] ECF No. 22 at 4; *see* ECF No. 34 at 9. The complaint did not include the following facts, which are now undisputed: signs limited access to authorized vehicles, ECF No. 65-5 at 63, 81, 95, 97-98; the car's engine was running, *id.* at 78-79; plaintiff retrieved a phone from inside the car, *id.* at 44-45; and plaintiff stated he would drive away if asked, *id.* at 132. Absent these facts, which supported defendant's belief that plaintiff was the driver, there was no basis for the court to conclude that plaintiff was required to comply with demands to provide identification. *See* Cal.

---

[8] Plaintiff alleged that he was loading a kayak on the vehicle when defendant approached him, and that defendant "did not witness [plaintiff] operate or park the Car prior to detaining" him. ECF No. 22 at 3-4. Under a liberal reading, which is required for pro se pleadings, it is reasonable to infer that the plaintiff was not the driver of the vehicle. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Veh. Code. § 12951(b).[9]  *Cf. In re Gregory S.*, 112 Cal. App. 3d 764, 779 (1980) (holding that a person's refusal to identify was not a violation of § 148 in a situation in which there was no law requiring that person to identify, but noting that some statutes require a person to provide identification, including California Vehicle Code § 12951).  Under the broader set of undisputed facts presently before the court, a contrary finding is demanded.  The evidence shows that plaintiff was required to comply with California Vehicle Code § 12951(b), and his failure to do so put him on the wrong side of the Fourth Amendment's protection.  *See Kuhlken*, 764 F. App'x at 613.

### B. First Amendment Retaliation Claim

Plaintiff argues that defendant arrested him "for asking questions" and choosing not to participate in defendant's investigation, and that this constituted retaliation in violation of his First Amendment rights.  ECF No. 68-1 at 5.  To succeed on his First Amendment retaliation claim arising out of his arrest, plaintiff would need to show that there was no probable cause for his arrest.[10]  *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) ("This approach recognizes that the Fourth Amendment regulates conduct rather than thoughts; and it promotes evenhanded, uniform enforcement of the law.") (internal quotations and citations omitted).  Defendant has shown that plaintiff's arrest was supported by probable cause, and so defendant is entitled to summary judgment on this claim.

---

[9] Given the limited facts before it at the time, the court cited cases that did not involve a peace officer's demand for a driver's identification.  *See Martinelli v. City of Beaumont*, 820 F.2d 1491, 1494 (9th Cir. 1987) (analyzing a jury instruction and stating that the Fourth Amendment bars the use of "section 148 to arrest a person for refusing to identify herself during a *Terry* stop"—but not addressing the law applicable to a traffic stop); *Mackinney v. Nielsen*, 69 F.3d 1002, 1007-08 (9th Cir. 1995) (holding that failure to immediately cease writing on sidewalk with chalk after hearing a direction to stop the activity did not violate § 148).

[10] The no-probable-cause requirement does not apply "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 139 S. Ct. at 1727.  But plaintiff has not presented such evidence.

10

### C. Thomas Bane Act Claim

The Bane Act provides a state enforcement mechanism, enabling civil claims against anyone who attempts to interfere with a person's state or federal rights, but it does not provide a separate source of rights. *See* Cal. Civ. Code § 52.1. Plaintiff's Bane Act claims are predicated on his First and Fourth Amendment claims. Accordingly, since the evidence does not show a violation of either Amendment, plaintiff's claims fail under the Bane Act for the same reasons that they fail under 42 U.S.C. § 1983.

### IV.   CONCLUSION AND RECOMMENDATION

Plaintiff has not produced evidence demonstrating that his detention, arrest, or search violated the First or Fourth Amendments. Instead, the undisputed evidence shows that defendant had probable cause to take these enforcement actions. Defendant is therefore entitled to summary judgment in his favor.

Accordingly, it is hereby RECOMMENDED that:

1. defendant's motion for summary judgment, ECF No. 65, be granted;

2. plaintiff's motion for summary judgment, ECF No 68; be denied;

3. judgment be entered in defendant Cory Stewart's favor and against plaintiff Christopher Lull; and

4. the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the U.S. District Judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __September 2, 2021__  
                JEREMY D. PETERSON  
                UNITED STATES MAGISTRATE JUDGE